IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 19-cr-00568-CCB** |
| **v.** | * | |
| | * | |
| **ALVIN JOHNSON** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| ************ | | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the defendant's Emergency Motion to Vacate the Defendant's Pre-Trial Detention Order (the "Motion") (ECF No. 145). The government opposes the Motion. No hearing is necessary. L.R. 105.6, 207. For the reasons stated below, the Motion is **DENIED**.

I.  PROCEDURAL HISTORY

On September 30, 2020, a federal grand jury returned a superseding indictment charging the defendant with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d), and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. The defendant appeared for his initial appearance on October 7, 2020. On October 19, 2020, the defendant appeared before this Court for a detention hearing.

II.  BAIL REFORM ACT

Pretrial detention and release are governed by the Bail Reform Act (the "BRA"). 18 U.S.C. §§ 3141 *et seq.* The government is permitted to seek pretrial detention of the defendant

in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*).  *Id.* § 3142(f)(1)(C).  In fact, a rebuttable presumption of detention applies in this case because the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  *Id.* § 3142(e)(3)(A).  Where the presumption can be rebutted, the BRA requires the Court to order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."  *Id.* § 3142(c)(1)(B).  If, however, the Court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1).  "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."  *Id.* § 3142(f).  On the other hand, where risk of flight is the basis of a detention order, the government must prove by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's presence at future court proceedings.  *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

>The Court's determination is governed by four factors:
>
>(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;
>
>(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

III.  REOPENING THE DETENTION HEARING

After hearing from the parties at the detention hearing, the Court reviewed the factors set forth in 18 U.S.C. § 3142(g) and found that the defendant had not introduced sufficient evidence to rebut the presumption of detention. Therefore, the Court ordered that the defendant be detained. *See* Order of Detention Pending Trial (ECF No. 80). The defendant is presently housed at the Chesapeake Detention Facility ("CDF") in Baltimore. The Court construes the Motion as a motion to reopen the detention hearing. Indeed, under 18 U.S.C. § 3142(f), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The defendant argues that the detention hearing should be reopened because information exists that was not known to him at the time of the detention hearing, and that this information has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community.

3

Specifically, the defendant asserts that his girlfriend is suffering from severe depression and anxiety that have resulted from having to provide care simultaneously for their infant child and her elderly grandmother. "Having Mr. Johnson would allow [her] greater flexibility to attend to her grandmother while Mr. Johnson could look after their child." Motion (ECF No. 145 at 2).

Arguably, the emotional issues from which the defendant's girlfriend suffers as a result of caring for their infant child and her elderly grandmother constitute new information that was not known to the defendant at the time of the detention hearing. To reopen the detention hearing, however, the defendant must also establish that the new information has a *material* bearing on the issue whether conditions of release can be fashioned to reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Although the Court appreciates the difficulty faced by the defendant's girlfriend posed by his absence from the residence, the Court does not find that this has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

## ORDER

Accordingly, it is this 27th day of April 2021, hereby **ORDERED** that the defendant's Emergency Motion to Vacate the Defendant's Pre-Trial Detention Order (ECF No. 145) is **DENIED**.

/s/
Thomas M. DiGirolamo
United States Magistrate Judge